UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
Northern Division



NACOLA JAMES,

                                                                                    PLAINTIFF

v.                                               Case No. 3:24-cv-26-HTW-LGI

HINDS COUNTY

                                                                                    DEFENDANT

## COMPLAINT

Plaintiff, NaCola James, by and through undersigned counsel, hereby brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 et seq against HINDS COUNTY for gender discrimination, retaliation, and hostile work environment in violation of this Act.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331 (federal question), to hear federal claims pursuant to Title VII.

2. Venue is proper in this judicial district under 42 U.S.C. § 2000(e) - (e)(5)(f)(3) as Ms. James was employed by HINDS COUNTY at its locations in Jackson and Raymond, Mississippi at the time of the discrimination complained of, and the incidents and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

## PARTIES

3. Ms. NaCola James ("Plaintiff or Ms. James") is an African American woman, a citizen of the United States, and resident of the state of Mississippi. At all times relevant to this suit, she was and is employed with HINDS COUNTY, Inc at its locations in Jackson and Raymond, Mississippi.

4. HINDS COUNTY ("Defendant or HINDS COUNTY ") encompasses the municipalities Bolton, Byram, Clinton, Edwards, Jackson, Learned, Raymond, Terry, and Utica. Hinds County operates departments such Permits and Zoning, the Election Commission, and Henley-Young Juvenile Justice Center. The Defendant can be served with process by serving Hinds County Board Supervisors at the address located at 316 South President Street, Jackson, MS 39201.

## FACTS COMMON TO ALL COUNTS

5. Ms. James has been employed with HINDS COUNTY for about twenty years. She began as a Special Projects Officer. Around January 2020, Ms. James moved to Permits and Zoning where her title was Project Manager/Secretary. She is currently employed with HINDS COUNTY at Henley-Young Juvenile Justice Center.

6. During her tenure in Permits and Zoning, Ms. James was supervised by Pennie Walters, and later, Henry Davis.

7. Ms. James duties included, review all permits building plans sign in plans date them to submit to inspector, silt fence permit, electrical permits, gas permits, monthly reports to surrounding towns for monthly billing (contracted inspector), banking deposits.

8. Plaintiff worked in Permits & Zoning with an inspector, Mr. Kevin Daniels.

9. On or around January 2020, Mr. Daniels began harassing Ms. James. On one occasion Mr. Daniels touched Ms. James hair without her permission. On another occasion he

brushed her arm without her permission and made an inappropriate comment to her about hairy women "having good stuff." On another occasion, Mr. Daniels commented on how Ms. James had pretty legs.

10. Mr. Daniels also commented on Ms. James' clothing. Once, when Ms. James was wearing a fuchsia/purple blouse, Mr. Daniels commented that was his color and it was "doing something to him."

11. Ms. James was extremely uncomfortable with Mr. Daniels' behavior and would often respond to his overtures by saying "you're married" or "you have a wife."

12. Ms. James' supervisor and others in Permits and Zoning were aware of Mr. Daniels conduct and often joked about it. Ms. James asked them not to encourage Mr. Daniels behavior and told them she was uncomfortable. However, Defendant never disciplined Mr. Daniels.

13. In October 2021, Ms. Walters and Mr. Wallace White retired from Hinds County Permits and Zoning.

14. In September 2021, Mr. Henry Davis joined Permits & Zoning. Initially Ms. James' was informally training on permit processes, but he later became her supervisor.

15. Mr. Davis began targeting Ms. James almost immediately. He would often emphasize that Ms. James was "clerical" and stated that she had no business speaking to customers. A day or two later he would chastise her for "not helping customers."

16. The working environment deteriorated so quickly that in November 2021, Ms. James filed her first grievance against Henry Davis. In that grievance, Ms. James informed the Defendant that Ms. Davis was discriminating against her because she was a woman. She outlined that Mr. Davis often talked down to her and belittled her role in the department. He bullied her and made it clear she was not his choice. She made it clear that Mr. Davis often made these

comments in the presence of her male coworker, Mr. Daniels. In fact, Mr. Daniels indicated that Ms. James should contact him or Mr. Daniels "for every decision" she made because she was just "a clerk." Mr. Davis said this despite knowing that Mr. Daniels was not Ms. James' supervisor.

17. Throughout December 2021, Ms. James met with and otherwise corresponded with managers in HINDS COUNTY including Stephen Hopkins and Bridget Smith. However, Mr. Hopkins only affirmed Mr. Davis's behavior and instead encouraged Ms. James to "cater" to her new boss and "make him like" her.

18. Mr. Davis behavior would only get worse. He continued to berate Ms. James in front of Mr. Daniels. Davis chastised her for things such as when she took her lunch breaks while failing to chastise or question Mr. Daniels about when he took his lunch breaks.

19. On January 14, 2022, Stephen Hopkins fired Ms. James despite her years of service with HINDS COUNTY. At the time she was fired, she was given a "reprimand" she had neither seen nor been informed of prior to that date. The reprimand included a supporting statement from Kevin Daniels, whose advances she continued to rebuff. Ms. James filed an appeal.

20. Ms. James had an appeals hearing on January 20, 2022. The hearing resulted in a reversal of her termination. The termination was converted to a suspension without pay for the two-week period from January 24, 2022 through February 4, 2022.

21. After Ms. James returned from suspension, the work environment did not get better in Permits and Zoning. Mr. Davis continued to treat Ms. James differently from Mr. Daniels.

22. For example, on or about, February 8, 2022, a customer came into the office upset because he had received incorrect information from Mr. Daniels the previous day. Mr. Davis

apologized to the customer and then instructed Ms. James to complete the permit for the customer. Mr. Davis did not address Mr. Daniels regarding the mistake. However, the same day Mr. Davis attempted to embarrass Ms. James by questioning her in front of a customer regarding a permit problem for which he believed Ms. James was responsible.

23. On or about February 10, 2022 Ms. James had a phone interview with the EEOC regarding her experiences with HINDS COUNTY.

24. On or about March 3, 2022, Mr. Davis called Ms. James into a meeting at which Mr. Daniels was also present. In this meeting Mr. Davis berated and bullied Ms. James. When Ms. James pointed out to Mr. Davis that Mr. Daniels was sexually harassing her, Mr. Davis told Ms. James that she needed to "document" it and proceeded to question her in front of Mr. Daniels.

25. Upon information and belief, Mr. Daniels was never informally or formally disciplined for sexually harassing Ms. James.

26. On or about March 14, 2022, Ms. James officially filed a charge of Discrimination against HINDS COUNTY for Sex Discrimination and Retaliation. *See* Exhibit A

27. On or about September 1, 2022, Mr. Daniels resigned. Davis stated that the resignation was due to Ms. James' allegations and "the embarrassment was too much." Davis further stated that "we should keep all doors locked," because he was not sure of the mental state of Mr. Daniels. Davis later accused James of making false allegations against Daniels.

28.  Within a few weeks of Mr. Daniels resignation, on or about September 20, 2022, Ms. James was transferred to the Election Commission office.

29. On or about October 12, 2023, Commissioners Kidada Brown, Yvonne Horton, and RaToya McGee met with Ms. James and gave her three options from the County Administrator,

Kenny Wayne Jones: 1) Return to Permit and Zoning 2) Stay at Elections (salary reduced) 3) Stay at Elections (increased duties with same salary Ms. James been making a year prior.

30. Ms. James exhausted her administrative remedies. She received her Notice of Right to Sue from the EEOC on October 17, 2023 and timely files this lawsuit.

## COUNT I
## DISCRIMINATION BASED ON GENDER IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

31. Ms. James incorporates by reference each and every allegation in paragraphs 1-30.

32. Title VII makes it unlawful practice to discharge any individual, or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

33. Defendant discriminated against Ms. James by berating her in front of her male coworker, belittling her role in the department, chastising her for alleged "mistakes" or behavior for which her male coworker was not similarly disciplined, and otherwise treating her less favorably than similarly situated coworkers outside of her protected class.

34. Defendant further discriminated against Ms. James by failing to discipline Kevin Daniels for repeatedly touching and inappropriate comments and advances toward her in the workplace. Defendant failed to discipline Mr. Daniels despite having knowledge of the harassment and Ms. James' objections to it. Defendant also went as far as suggesting that Ms. James was responsible for Mr. Daniels eventual resignation.

35. Defendants stated reasons for its treatment of Ms. James are pretext for unlawful discrimination.

36. Defendant has engaged in intentional, willful, and malicious unlawful discrimination

against Ms. James because of her gender.

37. As a direct, legal, and proximate result of Defendant's unlawful discrimination actions, Ms. James has suffered severe humiliation, severe emotional distress, economic damages, and other damages.

## COUNT II
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT

38. Ms. James incorporates by reference each and every allegation in paragraphs 1-37.

39. Title VII protects individuals against retaliation for filing charges of discrimination, participating in an investigation or reporting and opposing discriminatory practices.

40. Ms. James filed a grievance against her supervisor, Henry Davis for gender discrimination in November 2021. Instead of addressing Davis's behavior, Defendant told Ms. James to "cater" to him. By January 2022, Defendant terminated Ms. James.

41. Though the termination was overturned, Ms. James was still charged with a two week suspension.

42. Additionally, when Mr. Daniels, whom Ms. James had reported was sexually harassing her, resigned in September 2022, Ms. Davis implied that the resignation was her fault. Within weeks of that resignation, and only a few months after filing her charge, Ms. James was transferred from Permits and Zoning.

43. As a direct, legal, and proximate result of Defendant's unlawful discrimination actions, Ms. James has suffered severe humiliation, emotional distress, emotional distress, lost wages, economic damages, and other consequential damages.

## COUNT III
## HOSTILE WORK ENVIRONMENT IN VIOLATION
## OF THE CIVIL RIGHTS ACT

44. Ms. James incorporates by reference each and every allegation in paragraphs 1-43.

45. Title VII of the Civil Rights Act of 1964 as amended prohibits employment discrimination based on an employee's race, color, religion, sex, or national origin. Defendant subjected Ms. James to a continuous and pervasive hostile work environment based on her gender.

46. The Defendant constantly bullied Ms. James and belittled her role because of her gender.

47. Defendant knew or should have known of the sexual harassment and disparate treatment against Ms. James and not only refused to address it, but also blamed and disciplined Ms. James for it.

48. All of Defendant's actions and/or inaction caused Ms. James humiliation and left her in fear of additional harassment, bullying, and retaliation.

49. As a direct, legal, and proximate result of Defendant's unlawful actions, Ms. James has suffered humiliation, severe emotional distress, emotional distress, economic damages, and other damages.

WHEREFORE, Plaintiff seeks all rights and remedies at law provide by Title VII and including damages for compensatory damages, economic damages in the form of back pay, appropriate injunctive and declaratory relief, attorney's fees and costs, punitive damages, and such other relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: January 12, 2024

Respectfully Submitted,

NACOLA JAMES

/s/ *[signature]*

Darrian A. Denman (MS Bar No.105159)
THE DENMAN LAW FIRM, PLLC
4780 I-55 North, Suite 100
Jackson, MS 39211
Phone: (601)8 899-0141
Fax: (601) 709-4611
dadenman@denman-law.com
*Attorney for Plaintiff*